UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| THIRTY THOUSAND DOLLARS IN | ) | |
| U.S. CURRENCY ($30,000.00), | ) | |
| | ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT OF FORFEITURE

COMES NOW, Plaintiff, United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Lindsay McClure-Hartman, Assistant United States Attorney, for said district, and for its Verified Complaint for Forfeiture states as follows:

### Nature of the Action

1.      This is a civil action *in rem* brought by the United States of America seeking forfeiture of all right, title, and interest in the above-captioned defendant property pursuant Title 21, United States Code, Section 881(a)(6) and Title 18, United States Code, Sections 981(a)(1)(A) and (C).

2.      The defendant property was seized by law enforcement  on or about September 18, 2018 and is described more fully as thirty thousand dollars in U.S. Currency ($30,000.00) (the "defendant property").

### Jurisdiction and Venue

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345, 1355, and 1395.

1

4.      Venue is proper pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts and omissions giving rise to forfeiture took place in the Eastern District of Missouri.  Venue is also proper pursuant to 28 U.S.C. § 1395(b) because the defendant property was seized in the Eastern District of Missouri.

**Statutory Framework**

5.      Title 21, United States Code, Section 881(a)(6) authorizes the civil forfeiture of "all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

6.      Title 18, United States Code, Section 1956(a)(1)(A)(i) criminalizes conducting a transaction, including transferring, delivering, or other disposition, knowing that such transaction represents the proceeds of some form of unlawful activity and that in fact involves the proceeds of a specific unlawful activity, including violations of the Controlled Substances Act, with the intent to promote the carrying on of the specified unlawful activity.

7.      Title 18, United States Code, Section 1956(a)(1)(B) criminalizes conducting a transaction, including transfer, delivery, or other disposition, knowing that such transaction represents the proceeds of some form of unlawful activity and that in fact involves the proceeds of a specific unlawful activity, including violations of the Controlled Substances Act, knowing that the transaction is designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity.

8.      Pursuant to Title 18, United States Code, Section 981(a)(1)(A), any property, real

or personal, involved in a transaction or attempted transaction in violation of section 1956 of Title 18, or any property traceable to such property, is subject to civil forfeiture.

9.      Title 18, United States Code, Section 1952 criminalizes traveling in interstate commerce with the intent to distribute the proceeds of any unlawful activity, including a business enterprise involving controlled substances, or otherwise promoting, managing, establishing, carrying on, or facilitating the promotion, management, establishment, or carrying on, of such unlawful activity.

10.     Pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1952 is subject to civil forfeiture.

**Facts Giving Rise to the Forfeiture**

11.     On or about September 18, 2018, SCCDTF officers observed a 2018 Nissan Altima ("Altima") on Interstate 70 near mile marker 205, within the Eastern District of Missouri, traveling westbound.

12.     Officers conducted a traffic stop of the Altima for a traffic violation and burnt out headlight.

13.     The driver of the Altima was Jerry Dupree, Jr. ("Dupree Jr.") and the passenger was Jerry Dupree Sr. ("Dupree Sr.)." The registered owner of the Altima was EAN Holdings LLC. Officers reviewed the rental agreement and observed that it listed Melanie Hobbs as the renter of the vehicle. Officers asked Dupree Jr. his relation to Melanie Hobbs. He hesitated and then answered that it was his wife.

14.     Officers also observed the rental agreement stated the vehicle was rented in Thomasville, Georgia on September 17, 2018 and it was due to be returned at the same location

on September 21, 2018. Officers asked Dupree Jr. about his travels and he stated he was on his way to Denver, Colorado to visit a "lifelong friend." He stated he was going to stay in Colorado for two weeks.

15.     When officers asked Dupree Sr. about his travels he stated he was on his way to Colorado to visit his niece. He said they were going to stay for a couple of days and then drive home on September 21, 2018. When the officer asked for the name of the niece, Dupree Sr. hesitated and then said "Jennifer." When asked her last name, Dupree Sr. began to speak and then avoided the question.

16.     Officers asked Dupree Jr. if there were narcotics or large sums of currency in the vehicle. Dupree Jr. stated there was nothing in the vehicle and granted verbal consent to search the Altima.

17.     Officers retrieved their trained drug detection canine and conducted an exterior vehicle sniff. The canine concentrated his sniff along the door seams of the vehicle and approached the rear passenger door where he stopped and focused his sniff. The canine then sat down and stared at the area, giving a positive alert.

18.     Due to the canine alert and consent to search, officers began to search the vehicle. Officers discovered a large amount of U.S. currency placed in an inside pocket of a black duffle bag in the back seat, near the rear passenger door. The currency was vacuum sealed inside a clear plastic bag and it was labeled "30,000" with black marker on the outside.

19.     When Dupree Jr. saw officers examining the currency he yelled out the currency was to buy land. Officers asked questions about the land but Dupree Jr. was unable to provide any details. He said he was going to buy land in Colorado, but was unable to provide a location, price or name of the title company. When officers commented it is not normal to show up to buy land

with a brick of currency, Dupree Jr. responded, "sure it is."

20.     When Dupree Sr. was questioned about the currency he said he had no idea the currency was in the vehicle.

21.     Due to the totality of circumstances and officer safety, the traffic stop was moved to a secure facility.

22.     Dupree Sr. was again questioned about the currency. He stated he was going to Colorado to visit his niece and had no idea the currency was in the vehicle. He signed a disclaimer form stating the money was not his.

23.     Dupree Jr. was questioned about the currency. He said he was going to buy property in Colorado. When questioned further, Dupree Jr. said he would voluntarily cooperate with the officers in an attempt to have the currency returned. Dupree Jr. said he did know of subjects that were mailing large quantities of "hard drugs" to other states. He also stated he had past involvement in illegal transportation of marijuana from California to Georgia. He said he would make deliveries in bogus work trucks with the marijuana hidden in toolboxes. He said he also transported currency in airplanes. He said he previously owned property in California for a marijuana grow operation. At the end of the interview, Dupree Jr. asked the officers if he would receive any paper work for the currency because he had to answer to "someone else."

24.     When the currency was separated from the packaging in front of Dupree Jr. and Dupree Sr., it had a strong odor of marijuana. A discretionary sniff was set up for the trained drug detection canine and the canine gave a positive alert to the bag that contained the currency.

25.     An official count of the currency totaled $30,000.00 (the "defendant property"). The currency was in the following denominations: 165 $100 bills, 16 $50 bills, 621 $20 bills and 28 $10 bills.

## *COUNT ONE – FORFEITURE*
### 21 U.S.C. § 881(a)(6)

26.     The United States incorporates by reference the allegations set forth in Paragraphs 1 to 25 above as if fully set forth herein.

27.     The defendant property is bulk U.S. currency that was discovered by law enforcement officers was hidden, vacuum sealed and in denominations and a manner that is consistent with drug trafficking. In addition, a certified narcotics canine alerted positively to the presence of a controlled substance on the defendant property.

28.     The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) as money furnished or intended to be furnished in exchange for a controlled substance, as proceeds traceable to such an exchange, and as money to be used to facilitate a violation of the Controlled Substances Act.

## *COUNT TWO – FORFEITURE*
### 18 U.S.C. § 981(a)(1)(A)

29.     The United States incorporates by reference the allegations set forth in Paragraphs 1 to 25 above as if fully set forth herein.

30.     The defendant currency is proceeds of an unlawful activity involving controlled substances and was transported through the Eastern District of Missouri by Dupree Jr. with the intent to promote the carrying of, and to conceal or disguise the nature, location, source, ownership or control of, a specified unlawful activity.

31.     Based on the foregoing, the defendant currency is subject to forfeiture, pursuant to Title 18, United Stated Code, Section 981(a)(1)(A) as property involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1956, or as property traceable to such property.

## COUNT THREE – FORFEITURE
### 18 U.S.C. § 981(a)(1)(C)

32.     The United States incorporates by reference the allegations set forth in Paragraphs 1 to 25 above as if fully set forth herein.

33.     The defendant currency is proceeds of an unlawful activity involving controlled substances that travelled with Dupree Jr. in interstate commerce with the intent to distribute it, and otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of an unlawful activity involving controlled substances.

34.     Based on the foregoing, the defendant currency is subject to forfeiture, pursuant to Title 18, United Stated Code, Section 981(a)(1)(C) as property that constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1952.

### PRAYER FOR RELIEF

WHEREFORE, the United States of America prays that a Warrant for Arrest be issued for the defendant property and the defendant property be condemned and forfeited to the United States of America, in accordance with the provisions of law; and that the United States of America be awarded its costs in this action, and have such other relief as provided by law and the nature of the case may require.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney


*/s/ Lindsay McClure-Hartman*
LINDSAY MCCLURE-HARTMAN, #66070MO
Assistant United States Attorney
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102

7

## VERIFICATION

I, David P. Morton, hereby verify and declare under penalty of perjury that I am a Special

Agent with the Drug Enforcement Administration, that I have read the foregoing Verified

Complaint and know the contents thereof, and that the matters contained in the Verified

Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official

files and records of the United States, information supplied to me by other law enforcement

officers, as well as my investigation of this case, together with others, as a Special Agent with

the Drug Enforcement Administration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and

correct.

Executed on: ___May 10, 2019___

(date)


DAVID P. MORTON
Special Agent
Drug Enforcement Administration

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

❒ 1   U.S. Government
Plaintiff

❒ 3   Federal Question
(U.S. Government Not a Party)

❒ 2   U.S. Government
Defendant

❒ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❒ 1 | ❒ 1 | Incorporated *or* Principal Place of Business In This State | ❒ 4 | ❒ 4 |
| Citizen of Another State | ❒ 2 | ❒ 2 | Incorporated *and* Principal Place of Business In Another State | ❒ 5 | ❒ 5 |
| Citizen or Subject of a Foreign Country | ❒ 3 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❒ 610 Agriculture | ❒ 422 Appeal 28 USC 158 | ❒ 400 State Reapportionment |
| ❒ 120 Marine | ❒ 310 Airplane | ❒ 362 Personal Injury - Med. Malpractice | ❒ 620 Other Food & Drug | ❒ 423 Withdrawal 28 USC 157 | ❒ 410 Antitrust |
| ❒ 130 Miller Act | ❒ 315 Airplane Product Liability | ❒ 365 Personal Injury - Product Liability | ❒ 625 Drug Related Seizure of Property 21 USC 881 | | ❒ 430 Banks and Banking |
| ❒ 140 Negotiable Instrument | ❒ 320 Assault, Libel & Slander | ❒ 368 Asbestos Personal Injury Product Liability | ❒ 630 Liquor Laws | **PROPERTY RIGHTS** | ❒ 450 Commerce |
| ❒ 150 Recovery of Overpayment & Enforcement of Judgment | ❒ 330 Federal Employers' Liability | | ❒ 640 R.R. & Truck | ❒ 820 Copyrights | ❒ 460 Deportation |
| ❒ 151 Medicare Act | ❒ 340 Marine | **PERSONAL PROPERTY** | ❒ 650 Airline Regs. | ❒ 830 Patent | ❒ 470 Racketeer Influenced and Corrupt Organizations |
| ❒ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❒ 345 Marine Product Liability | ❒ 370 Other Fraud | ❒ 660 Occupational Safety/Health | ❒ 840 Trademark | ❒ 480 Consumer Credit |
| ❒ 153 Recovery of Overpayment of Veteran's Benefits | ❒ 350 Motor Vehicle | ❒ 371 Truth in Lending | ❒ 690 Other | **SOCIAL SECURITY** | ❒ 490 Cable/Sat TV |
| ❒ 160 Stockholders' Suits | ❒ 355 Motor Vehicle Product Liability | ❒ 380 Other Personal Property Damage | **LABOR** | ❒ 861 HIA (1395ff) | ❒ 810 Selective Service |
| ❒ 190 Other Contract | ❒ 360 Other Personal Injury | ❒ 385 Property Damage Product Liability | ❒ 710 Fair Labor Standards Act | ❒ 862 Black Lung (923) | ❒ 850 Securities/Commodities/ Exchange |
| ❒ 195 Contract Product Liability | | | ❒ 720 Labor/Mgmt. Relations | ❒ 863 DIWC/DIWW (405(g)) | ❒ 875 Customer Challenge 12 USC 3410 |
| ❒ 196 Franchise | | | ❒ 730 Labor/Mgmt.Reporting & Disclosure Act | ❒ 864 SSID Title XVI | ❒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❒ 740 Railway Labor Act | ❒ 865 RSI (405(g)) | ❒ 891 Agricultural Acts |
| ❒ 210 Land Condemnation | ❒ 441 Voting | ❒ 510 Motions to Vacate Sentence | ❒ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❒ 892 Economic Stabilization Act |
| ❒ 220 Foreclosure | ❒ 442 Employment | **Habeas Corpus:** | ❒ 791 Empl. Ret. Inc. Security Act | ❒ 870 Taxes (U.S. Plaintiff or Defendant) | ❒ 893 Environmental Matters |
| ❒ 230 Rent Lease & Ejectment | ❒ 443 Housing/ Accommodations | ❒ 530 General | | ❒ 871 IRS—Third Party 26 USC 7609 | ❒ 894 Energy Allocation Act |
| ❒ 240 Torts to Land | ❒ 444 Welfare | ❒ 535 Death Penalty | | | ❒ 895 Freedom of Information Act |
| ❒ 245 Tort Product Liability | ❒ 445 Amer. w/Disabilities - Employment | ❒ 540 Mandamus & Other | | | ❒ 900Appeal of Fee Determination Under Equal Access to Justice |
| ❒ 290 All Other Real Property | ❒ 446 Amer. w/Disabilities - Other | ❒ 550 Civil Rights | | | ❒ 950 Constitutionality of State Statutes |
| | ❒ 440 Other Civil Rights | ❒ 555 Prison Condition | | | |

## V. ORIGIN    (Place an "X" in One Box Only)

❒ 1  Original Proceeding    ❒ 2  Removed from State Court    ❒ 3  Remanded from Appellate Court    ❒ 4  Reinstated or Reopened    ❒ 5  Transferred from another district (specify)    ❒ 6  Multidistrict Litigation    ❒ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing  (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❒ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ❒ Yes   ❒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   _____   AMOUNT   _____   APPLYING IFP   _____   JUDGE   _____   MAG. JUDGE   _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI


|  |  |  |
|---|---|---|
|              , | ) | |
| plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
|              , | ) | |
| defendant. | ) | |


# ORIGINAL FILING FORM

**THIS FORM MUST BE COMPLETED AND VERIFIED BY THE FILING PARTY WHEN INITIATING A NEW CASE.**


THIS CAUSE, OR A SUBSTANTIALLY EQUIVALENT COMPLAINT, WAS

PREVIOUSLY FILED IN THIS COURT AS CASE NUMBER_____

AND ASSIGNED TO THE HONORABLE JUDGE_____.


NEITHER THIS CAUSE, NOR A SUBSTANTIALLY EQUIVALENT COMPLAINT,

PREVIOUSLY HAS BEEN FILED IN THIS COURT, AND THEREFORE MAY BE

OPENED AS AN ORIGINAL PROCEEDING.


**The undersigned affirms that the information provided above is true and correct.**


Date:_____


_____
Signature of Filing Party

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| THIRTY THOUSAND DOLLARS IN | ) | |
| U.S. CURRENCY ($30,000.00), | ) | |
| | ) | |
| Defendant. | ) | |

## **WARRANT FOR ARREST OF PROPERTY**

TO:  THE UNITED STATES MARSHAL AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER FOR THE EASTERN DISTRICT OF MISSOURI

Whereas, on May 13, 2019, the United States of America filed a Verified Complaint for Civil Forfeiture in the United States District Court for the Eastern District of Missouri, against the above-named defendant property, alleging that said property is subject to seizure and civil forfeiture to the United States for the reasons mentioned in the complaint; and

WHEREAS, the defendant property is currently in the possession, custody, or control of the United States; and

WHEREAS, in these circumstances, Supplemental Rule G(3)(b)(i) directs the Clerk of the Court to issue an arrest warrant in rem for the arrest of the defendant property; and

WHEREAS, Supplemental Rule G(3)(c) provides that the warrant of arrest in rem must be delivered to a person or organization authorized to execute it;

NOW THEREFORE, you are hereby commanded to arrest the above-named defendant property by serving a copy of this warrant on the custodian in whose possession, custody, or

control the property is presently found, and to use whatever means may be appropriate to protect

and maintain it in your custody until further order of this Court,

YOU ARE FURTHER COMMANDED, promptly after execution of this process, to file

the same in this Court with your return thereon, identifying the individuals upon whom copies

were served and the manner employed.

GREGORY J. LINHARES, CLERK
United States District Court


By: _____
Deputy Clerk

Date: _____